24-511-cr
*US v. McDermott*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand twenty-four.

PRESENT:
> BETH ROBINSON,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                                No. 24-511-cr

MICHAEL CHARLES MCDERMOTT, AKA SEALED DEFENDANT,

> *Defendant-Appellant.*

_____

FOR APPELLANT:                              Danielle Neroni Reilly, Law Office of
                                            Danielle Neroni, Albany, NY.

FOR APPELLEE:                               Jonathan S. Reiner, Joshua Rothenberg,
                                            Assistant United States Attorneys, *for*
                                            Carla B. Freedman, United States
                                            Attorney for the Northern District of
                                            New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Nardacci, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 1, 2024 is **AFFIRMED**.

Defendant-Appellant Michael Charles McDermott pled guilty to stealing firearms from a licensed dealer.  In the plea agreement, the parties agreed to certain sentencing stipulations, including the base offense level and several relevant upward and downward adjustments.  As presented by the government at the change-of-plea hearing, the projected sentencing range under the U.S. Sentencing Guidelines ("Guidelines") was 18 to 24 months.

After the Probation Office prepared a Pre-Sentence Investigation Report, the government objected because it did not include a four-point enhancement for possessing the firearms in connection with another felony offense – an enhancement that was not included in the sentencing stipulations in the parties'

plea agreement.  In his own Sentencing Memorandum, McDermott objected to the inclusion of this enhancement because "the plea agreement accounted for his actions and [] actions surrounding the theft of firearms from a licensed dealer were already included in the guideline calculation."  App'x at 90.

The district court ultimately included the enhancement in its calculations, resulting in an advisory Guidelines sentencing range of 30 to 37 months, and sentenced him to 30 months.  McDermott appeals this sentence, arguing that the government impermissibly requested a sentence enhancement not contemplated by the plea agreement.

We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review interpretations of plea agreements de novo and in accordance with principles of contract law."  *United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005).[1]  "Moreover, because plea bargains require defendants to waive fundamental constitutional rights, prosecutors are held to meticulous standards

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

of performance." *Id.* at 152–53. "[W]e construe plea agreements strictly against the government and do not hesitate to scrutinize the government's conduct to ensure that it comports with the highest standard of fairness." *Id.* at 152.

The government argues that we should review McDermott's claim for plain error because below he did not object on the specific ground that the government breached the plea agreement. However, we decline to address this argument because, under any type of review, McDermott cannot demonstrate that the government breached the plea agreement.

To determine whether a plea agreement has been breached, "we look both to the precise terms of the plea agreements and to the parties' behavior." *United States v. Wilson*, 920 F.3d 155, 163 (2d Cir. 2019). We seek to determine the "reasonable understanding and expectations of the defendant" as to the bargained-for sentence. *Id.* Here, the terms of the plea agreement belie McDermott's argument that the government breached the plea agreement by seeking the enhancement.

The plea agreement did not include an estimate of McDermott's total offense level or Guidelines sentence range. Nor did it state that the upward or downward adjustments discussed in the agreement were exclusive. Instead, the

plea agreement expressly recited that it did not "prevent the government from urging the sentencing Court to find that a particular offense level, criminal history category, ground for departure, or guidelines range applies." App'x at 20. Although the parties agreed to certain sentencing data points, such as base offense level and certain upward and downward adjustments to the total offense level, nothing in the agreement bound the government to argue for a sentence based only on the agreed upon data points.

The only time the government provided an estimated sentencing range was at the change-of-plea hearing conducted on October 27, 2023 – more than a month *after* McDermott signed the plea agreement on September 14. And prior to telling the court the estimated sentencing range, the government cautioned that "[t]his estimate is just that, an estimate, and if I am . . . incorrect, it does not give the defendant the ability to withdraw his plea." App'x at 44.

Finally, in his sentencing memorandum, McDermott argued for a downward departure pursuant to U.S.S.G. § 5K2.0, indicating his understanding that the plea agreement did not encompass all relevant upward or downward adjustments.

\* \* \*

5

For these reasons, we conclude that the government did not breach the plea agreement by arguing for the four-point enhancement at sentencing.  The district court's judgment is thus **AFFIRMED**.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court